**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLYN RYGG, a single woman and CRAIG DILWORTH, a single man,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>DAVID F HULBERT, retired, formerly Judge of the Snohomish County Superior Court; et al.,<br><br>        Defendants - Appellees. | No. 12-35753<br><br>D.C. No. 2:11-cv-01827-JLR<br><br><br>MEMORANDUM[*] |
| CAROLYN RYGG, a single woman and CRAIG DILWORTH, a single man,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>DAVID F HULBERT, retired, formerly Judge of the Snohomish County Superior Court,<br><br>        Defendant,<br><br>LARRY MCKEEMAN, Presiding Judge | No. 12-35855<br><br>D.C. No. 2:11-cv-01827-JLR |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of the Snohomish County Superior Court; et al.,

        Defendants,

  and

RALPH J MCCARTY,

        Defendant - Appellant.

---

CAROLYN RYGG, a single woman and CRAIG DILWORTH, a single man,

        Plaintiffs - Appellants,

  v.

DAVID F HULBERT, retired, formerly Judge of the Snohomish County Superior Court,

        Defendant,

LARRY MCKEEMAN, Presiding Judge of the Snohomish County Superior Court and STEVEN GOFF, Commissioner, Washington State Supreme Court,

        Defendants,

J ROBERT LEACH; et al.,

        Defendants,

No. 12-35866

D.C. No. 2:11-cv-01827-JLR

2

ANN SCHINDLER, in her official capacity as President Chief Judge of the Court of Appeals of the State of WA; et al.,

Defendants,

and

RALPH J MCCARTY,

Defendant - Appellee,

G. GEOFFREY GIBBS,

Defendant - Appellee,

MERVIN W SCHINDELE and BARBARA SCHINDELE,

Defendants - Appellees.

CRAIG DILWORTH, a single man and CAROLYN RYGG,

Plaintiffs - Appellants,

v.

DAVID F HULBERT, retired, formerly Judge of the Snohomish County Superior Court; et al.,

Defendants - Appellees.

No. 13-35600

D.C. No. 2:11-cv-01827-JLR

3

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 6, 2015[**]
Seattle, Washington

Before: WALLACE, KLEINFELD, and CHRISTEN, Circuit Judges.

Appellants Carolyn Rygg and her son, Craig Dilworth, engaged in extensive state court litigation with their next-door neighbors, Larry and Kaaren Reinertsen, to resolve a property line dispute. The Washington Court of Appeals affirmed the trial court's rulings in favor of the Reinertsens. *See Reinertsen v. Rygg*, No. 64661-3-I, 161 Wash. App. 1037 (2011), *petition for review denied*, 268 P.3d 224 (Wash. 2011).

Dissatisfied with the result of the state court proceedings, appellants filed an action in federal court. Their 200-page amended complaint asserted 50 claims against 21 defendants, including Ralph McCarty, the former owner of appellants' property; the Reinertsens; the Reinertsens' attorneys in the state court proceedings; and numerous state court judges. The district court dismissed all but two of the claims in a thorough, well-reasoned order. The case proceeded to trial on the remaining two claims: a federal claim for electronic eavesdropping and a state

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim for invasion of privacy, both against the Reinertsens. The jury found in favor of the Reinertsens on both claims, and the district court entered judgment accordingly.[1]

Rygg and Dilworth appeal from the district court's order dismissing 48 of their claims and the jury verdict on the remaining two claims, and challenge numerous other rulings entered by the district court. McCarty cross appeals from the district court's decision not to grant his motion for sanctions under Federal Rule of Civil Procedure 11. We affirm.

1. Contrary to appellants' assertion, the district court's dismissal order was final. It contemplated no further action, and the district court certified it as a final judgment. This court therefore has jurisdiction under 28 U.S.C. § 1291.

2. "We review de novo the district court's dismissal for failure to state a claim or for lack of subject matter jurisdiction." *Papa v. United States*, 281 F.3d 1004, 1008–09 (9th Cir. 2002). The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine over the claims asserted in Counts 5–10, 12–21, 23, 30, 34, 38–41, 43–44, and 46–47 of the amended complaint, as those claims amount to "a forbidden de facto appeal" of a

---

[1] Because the parties are familiar with the facts, we recount only an abbreviated version of them here.

5

state court judgment. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). The district court properly dismissed the claims asserted in Counts 1–3 because public records show Judge Hulbert was a judge when he entered his findings of fact and conclusions of law in 2005. The district court properly dismissed the remaining claims—with the exception of the electronic eavesdropping and invasion of privacy claims against the Reinertsens—because they fail to show a plausible entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. The district court did not abuse its discretion by denying leave to amend the complaint on the ground that permitting amendment would impose a significant and prejudicial burden on the defendants. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011).

4. Although the district court would have been justified in granting McCarty's motion for Rule 11 sanctions, it did not abuse its discretion by declining to do so. *See Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005). The court also did not abuse its discretion by denying appellants' cross motion for sanctions.

5. The jury verdict in favor of the Reinertsens with respect to the electronic eavesdropping and invasion of privacy claims is supported by substantial evidence. *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002) ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to

support the jury's conclusion, even if it is also possible to draw a contrary conclusion."). Appellants raise numerous challenges to the district court's scheduling orders, discovery rulings, trial rulings, and jury instructions, as well as the district court's denial of appellants' motions for a default judgment, judicial estoppel, judgment notwithstanding the verdict, and a new trial. After careful review, we find no error that warrants remand.

**6.** Appellants' motions to strike portions of the appellees' answering briefs are denied.

**AFFIRMED.**